UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVKEN, INC.,**

      **Plaintiff,**

-vs-                                            Case No. 6:04-cv-207-Orl-19DAB

**CITY OF DAYTONA BEACH SHORES,**

      **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1. Defendant City of Daytona Beach Shores' Motion for Summary Judgment. (Doc. No. 111, filed on February 21, 2006);

2. Plaintiff Davken, Inc.'s Response in Opposition to Defendant City of Daytona Beach Shores' Motion for Summary Judgment and Motion to Reopen Discovery. (Doc. No. 114, filed on March 28, 2006);

3. Defendant City of Daytona Beach Shores' Memorandum of Law in Opposition to Plaintiff's Motion to Reopen Discovery. (Doc. No. 117, filed on April 14, 2006);

4. Defendant City of Daytona Beach Shores' Motion for Leave to File a Legal Memorandum in Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 115, filed on April 14, 2006); and

5. Plaintiff Davken, Inc.'s Response to Defendant City of Daytona Beach Shores' Motion for Leave to File a Legal Memorandum to Davken's Response to Defendant's Motion

for Summary Judgment.  (Doc. No. 118, filed on April 28, 2006).

**Background**

On February 19, 2004, Plaintiff Davken, Inc. ("Davken"), which previously operated a fireworks business known as Krazy Dave's, filed a Verified Complaint against the City of Daytona Beach Shores ("City").  (Doc. No. 54, Attachment #1, "Kenneth Dean Deposition," p. 20) (Doc. No. 1).  In Count I, Davken alleged that Ordinance 2003-24, which was promulgated by the City, violated Article I, Section X of the United States Constitution, also known as the Contract Clause.  Davken averred that the City targeted it through the adoption and application of Ordinance 2003-24 in order to shut down Davken's business thereby causing its lease to be terminated.  (*Id.* at ¶28(a)).

Ordinance 2003-24 sets forth regulations and permit requirements for the sale of sparklers and fireworks.  (Doc. No. 54, Attachment #5, Ordinance 2003-24).  Ordinance 2003-24 provides that "except as provided in Section 791.02, 791.04, or 791.07, Florida Statutes, it shall be unlawful for any person, firm, partnership, corporation or other entity to offer for sale, expose for sale, sell at retail, use or explode any fireworks within the City of Daytona Beach Shores, without a permit from the Building/Fire Safety Division."  (*Id.* at § 11-(4)(f)(1)).  Any entity that is engaging in the sale, distribution, or manufacturing of fireworks must first apply for and secure a permit from the Building/Fire Safety Division.  (*Id.* at § 11-4(f)(2)).  The purchaser of any fireworks "must furnish to the seller, at the time of sale, proof of identification and, if applicable, proof that the buyer is registered with the Division of the State Fire Marshal and otherwise in compliance with Chapter 791, Florida Statutes."  (*Id.* at § 11-4(f)(3)).  Section 11-4(f)(5) provides that a purchaser of fireworks who is not registered with the Division of the State Fire Marshal and who, pursuant to Florida Statutes Section 791.04, purchases fireworks for shipment directly out of the state, shall not be allowed to take

possession of such fireworks. (*Id.* at § 11-4(f)(5)). The seller shall retain possession of the fireworks and is responsible for shipping the fireworks to the purchaser at an out-of-state address. (*Id.*)

On May 7, 2004, the Court, *sua sponte*, dismissed Davken's Contract Clause claim. (Doc. No. 12). The Court found that Davken had no cause of action under the Contract Clause because the clause only forbids the direct alteration of the terms of contracts. (*Id.* at 4-5).

On September 30, 2004, Davken filed an Amended Complaint. (Doc. No. 58). In its Amended Complaint, Davken alleged that the City violated 42 U.S.C. section 1983 and the substantive due process and equal protection clauses of the Fourteenth Amendment. (*Id.* at ¶ 26). Davken also sought a declaratory judgment and brought a claim against the City for inverse condemnation under the Florida Constitution. (*Id.* at ¶¶ 32-39, ¶¶ 40-45).

On September 28, 2004, the City filed a Motion for Summary Judgment as to the remaining claims, and on November 12, 2004, the Court granted the motion. (Doc. No. 52) (Doc. No. 87).

On December 15, 2004, Davken filed a Notice of Appeal. The Eleventh Circuit affirmed the Court's Summary Judgment Order and reversed the Court's *sua sponte* dismissal of Davken's Contract Clause claim under Article I, Section X of the Constitution. (Doc. No. 94) (Doc. No. 109, p. 7). The Eleventh Circuit explained that a *sua sponte* dismissal is prohibited in the following circumstances: (1) the defendant has not filed an answer and, thus, the plaintiff still had a right under Federal Rule of Civil Procedure 15(a) to amend the complaint; (2) the plaintiff's claim is brought in good faith and is not vexatious or patently frivolous; and (3) the district court provides the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond. (*Id.* at 7-8) (citing *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 527 (11th Cir. 1983)). Because all three circumstances were present in the instant case, the appellate court reversed the *sua sponte*

dismissal of the Contract Clause claim and remanded the claim to the Court. (*Id.* at 8). The appellate court stated that on remand the Court must provide notice of its intent to dismiss for lack of merit and an opportunity for Davken to respond prior to dismissing the claim. (*Id.*)

On February 6, 2006, the Court reinstated Davken's Contract Clause claim and gave notice that the claim might be dismissed for lack of merit. (Doc. No. 110). The Court also gave the City ten days to respond to the allegations of the Contract Clause claim and gave Davken ten days to file a response. (*Id.*)

On February 21, 2006, the City filed a Motion for Summary Judgment on the Contract Clause claim, arguing that Ordinance 2003-24 does not substantially impair a contractual relationship, that the Ordinance was based on a significant and legitimate public purpose, and that the adjustments of rights and responsibilities of the contracting parties are based upon reasonable conditions. (Doc. No. 111). Plaintiff Davken, Inc. then filed a Motion for Leave to Amend its Amended Verified Complaint which was granted. (Doc. Nos., 113, 119).

On March, 28, 2006, Davken filed a Response in Opposition to the City's Motion for Summary Judgment and a Motion to Reopen Discovery. (Doc. No. 114). Davken cites to the affidavits of Michael Gardner and William Barnes in support of its argument that the Ordinance violates the Contract Clause. In the Gardner affidavit, Gardner averred that attorney Paul Meredith directed Gardner in his capacity as a paralegal for Meredith's firm to obtain the City's mandatory fireworks purchase form at the Daytona Beach police department after 5:00 P.M. on November 1, 2004. (Doc. No. 81, filed on November 1, 2004, ¶ 4). Gardner requested a fireworks purchase form from the police dispatcher, but was unable to obtain the form. (*Id.*) The dispatcher told Gardner that he could obtain the form at the fireworks store and that the City did not require a form. (*Id.*) Gardner further averred

that he was unable to obtain a fireworks purchase form from the Sheriff's District Office in New Smyrna Beach, Holy Hill, or the City of Daytona Beach Shores and was informed that those offices did not maintain these documents. (*Id.* at ¶¶ 5,6,7). Similarly, in the Barnes affidavits, Barnes states that he was unable to obtain a fireworks purchase form/affidavit from the City of Daytona Beach Shores, the Volusia County Sheriff's Office, or the Sheriff's Office in Holy Hill, Florida, that these offices did not maintain such documents, and that it was illegal under any circumstances to purchase fireworks in the City of Daytona Beach Shores. (Doc. No. 114, Ex. A-2, ¶¶2-5) (Doc. No. 114, Ex. C, ¶¶ 3-7).

Based on the affidavits, Davken argues that there is no legitimate public purpose for the ordinance because the City's showing of a legitimate public purpose was based solely on a regulatory scheme that allowed for the sale of fireworks through a permitting process, that the ordinance as applied substantially impaired its contract, and that the Eleventh Circuit's reversal of the Court's *sua sponte* dismissal necessarily means that the Contract Clause claim has merit. Davken also asks the Court for an Order reopening discovery so that it can more completely address the issues raised in the City's Motion for Summary Judgment and to collect evidence further supporting its proposed Second Amended Complaint. Plaintiff claims that it learned too late to permit an amendment in this case that the permitting process was part of a hoax and avers that if discovery is reopened, it will ascertain whether the City maintained a log with the names and addresses of people who requested a permit, how many of those people were qualified under the Ordinance or state law to purchase fireworks, whether the individual City Commissioners were aware of a hoax, and how pervasive the knowledge of the unwritten policy was. Davken argues that reopening discovery is a matter of fairness because the Court dismissed the Contract Clause claim prior to the start of discovery.

On April 14, 2006, the City filed a memorandum of law in opposition to Davken's Motion to Reopen Discovery. (Doc. No. 117). The City argues that Davken has not met the standard articulated by Federal Rule of Civil Procedure 56(f). (*Id.* at 4-5). On that same date, the City also filed a Motion for Leave to File a Legal Memorandum in Reply to Davken's Response in Opposition to the City's Motion for Summary Judgment. (Doc. No. 115). The City argues that it should have the opportunity to respond to Davken's characterization that the City enacted a regulatory scheme that was a sham or hoax. (*Id.* at ¶¶ 5, 6).

On April 28, 2006, Davken filed a Response to the City's Motion for Leave to File a Legal Memorandum to Davken's Response to the City's Motion for Summary Judgment. (Doc. No. 118).

This Order analyzes the City's Motion for Summary Judgment and Davken's Motion to Reopen Discovery.

**Motion to Reopen Discovery**

**Standard of Review**

A motion for continuance or a motion to reopen discovery on an issue that is pending before the Court at the summary judgment stage is evaluated under Federal Rule of Civil Procedure 56(f). Rule 56(f) provides that the Court may refuse an application for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery be had if it should appear from the affidavits of the party opposing the summary judgment motion that the party cannot present by affidavit facts essential to justify the party's opposition to the motion. FED. R. CIV. P. 56(f). "Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (internal citation

and quotations omitted)). A party requesting a continuance under Rule 56(f) must present an affidavit with specific facts which explain the party's failure to respond to the adverse party's motion for summary judgment via counter affidavits. *Id.* (internal citation omitted). The nonmovant may not rely on conclusory contentions that additional discovery will produce needed but unspecified facts but must show the Court how the stay will permit the nonmovant to rebut the movant's contentions. *Id.* (internal citations omitted). The decision as to whether to grant or deny a continuance is within the sound discretion of the Court. *Id.* (internal citations omitted).

Unlike a motion to reopen discovery on an issue that is pending before the Court at the summary judgment stage, a motion to reopen discovery on other issues would ultimately constitute a modification of the Case Management and Scheduling Order and is evaluated under Federal Rule of Civil Procedure 16(b). Under Rule 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." FED. R. CIV. P. 16(b). The good cause standard prevents modification unless the schedule cannot be satisfied despite the diligence of the party seeking the extension. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (quoting FED. R. CIV. P. 16 advisory committee's note).

**Analysis**

The Court will first examine whether discovery should be reopened on the facial challenge to Ordinance 2003-24 under the Contract Clause. Because Davken's facial challenge to the Ordinance is now pending before the Court at the summary judgment stage, the propriety of reopening discovery will be analyzed under the standard articulated in Federal Rule of Civil Procedure 56(f). Thus, the Court may reopen discovery if Davken has presented affidavits demonstrating why it is unable to

oppose summary judgment at this time.

Davken has filed the affidavits of Michael Gardner and William Barnes which create a disputed issue of fact as to whether the City permitted businesses to sell fireworks and whether an affidavit was necessary to purchase fireworks. The Gardner and Barnes affidavits address Davken's as-applied challenge to the Ordinance under the Contract Clause and do not create a genuine issue of material fact regarding Davken's facial challenge to the Ordinance under the Contract Clause. Because Davken has failed to proffer an affidavit demonstrating why it is unable to oppose summary judgment at this time, Davken has failed to meet the standard articulated under Rule 56(f). Thus, discovery will not be reopened on Davken's facial challenge to the Ordinance under the Contract Clause.

Davken also seeks to reopen discovery on the claims that it intends to raise in its Second Amended Complaint which include a procedural due process claim, an as-applied Equal Protection claim, and an as-applied Contract Clause claim. Specifically, Davken seeks to discover whether the City maintained a log with the names and addresses of people who requested a permit, how many of the people qualified for a permit under Ordinance 2003-24 or state law, whether the City Commissioners were aware of a hoax, and how pervasive and widespread the knowledge of the unwritten policy was. Because discovery of these issues would require the Court to amend the Case Management and Scheduling Order, the Court evaluates the propriety of such an amendment under the good cause standard.

In his affidavit, Gardner avers that he was the first person to ever request a fireworks purchase form and that the City did not require such a form. (Doc. No. 81-2, ¶ 4). If the Court were to reopen discovery at this point, Davken would seek information that merely reiterates statements contained in Gardner's affidavits. Reopening discovery to seek duplicative information does not constitute good

cause to amend the Case Management and Scheduling Order. Thus, discovery is not permitted on the issues of whether the City maintained a log with the names and addresses of people who requested a permit and how many of the people qualified for a permit under Ordinance 2003-24.

In addition, Davken seeks evidence to determine whether the City Commissioners were aware of a hoax and how pervasive the knowledge of the policy as-applied was. This information is not contained in the Gardner affidavit and is relevant to the allegations contained in Davken's proposed Second Amended Complaint. Because Davken never had the opportunity to pursue discovery on this issue and because of the relevancy of this issue to the allegations in the proposed Second Amended Complaint, the Court finds that good cause exists to allow discovery on the issue of whether the City Commissioners were aware of the existence of a hoax and how pervasive the knowledge of the policy as-applied was.

## Motion for Summary Judgment

### Standard of Review

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.* The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied the burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion

and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993) (citation omitted). If a reasonable fact finder could draw more than one inference from the facts, and that inference creates an issue of material fact, then the Court must not grant summary judgment. Id. (citation omitted)

## Analysis

The remand of this case from the Eleventh Circuit to the Court as well as the City's Motion for Summary Judgment and Davken's response to the City's Motion for Summary Judgment has complicated the procedural posture in this case. The Eleventh Circuit remanded to the Court the facial challenge to Ordinance 2003-24 under the Contract Clause. The City's Motion for Summary Judgment addresses the facial challenge to the Ordinance under the Contract Clause while Davken's response addresses an as-applied challenge to the Ordinance under the Contract Clause. In other words, the City asks the Court to enter summary judgment in its favor on the facial challenge to the Ordinance under the Contract Clause while Davken asks the Court to not enter summary judgment on the as-applied challenge to the Ordinance under the Contract Clause. At this juncture, the as-applied challenge to the Ordinance under the Contract Clause is not postured appropriately for the Court's consideration. Davken's Contract Clause arguments regarding the as-applied challenge to the Ordinance would be appropriate for the Court's consideration if the City had filed a Motion for Summary Judgment on the as-applied claim under the Contract Clause. That is not the case here. An analysis of the as-applied challenge to the Ordinance under the Contract Clause would deprive the City of an opportunity to respond and would create due process concerns. In this Order, the Court addresses the issue of whether summary judgment is appropriate as to Davken's claim that the

Ordinance on its face violates the Contract Clause.

The Contract Clause of the United States Constitution provides that "[n]o State shall...pass any...Law impairing the Obligation of Contracts." U.S. CONST. ART. I, § 10. "Although the language of the Contract Clause is facially absolute, its prohibition must be accommodated to the inherent police power of the State 'to safeguard the vital interests of its people.'" *Energy Reserves Group, Inc. v. Kansas Power and Light Co.*, 459 U.S. 400, 410 (1983). The Court considers three factors in determining whether the Contract Clause has been violated: "(1) whether the law substantially impairs a contractual relationship; (2) whether there is a significant and legitimate public purpose for the law; and (3) whether the adjustments of rights and responsibilities of the contracting parties are based upon reasonable conditions and are of an appropriate nature." *Vesta Fire Ins. Corp. v. State of Fla.*, 141 F.3d 1427, 1433 (11th Cir. 1998) (citing *Energy Reserves Group*, 459 U.S. at 410-13) (internal citation omitted).

Applying this framework to the instant case, Ordinance 2003-24 simply imposed a regulatory scheme upon the purchase and sale of fireworks and did not prohibit the sale of fireworks outright. Because Ordinance 2003-24 merely thwarted Davken's ability to earn the money necessary to pay its rent and did not abrogate or otherwise rewrite any provision of the lease contract itself, Ordinance 2003-24 did not substantially impair Davken's contractual relationship.

Furthermore, the record reflects that there is a significant and legitimate public purpose for Ordinance 2003-24 which was grounded in health, safety, and environmental concerns that fireworks pose to the local community. (Doc. No. 34, filed June 25, 2004, "Transcript of Evidentiary Hearing Held on June 16, 2004," pp. 73-74).

Finally, the adjustments of rights and responsibilities of the contracting parties are based upon

reasonable conditions and are of an appropriate nature. Unless the City is a contracting party, "courts properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." *Energy Reserves*, 459 U.S. at 412-13. The City was no party to the lease; so based upon the City's judgment, Ordinance 2003-24's impact on the existing lease agreement cannot be said to be an unconstitutional impairment. *See Vesta Fire Ins. Corp.*, 141 F.3d at 1434.

Davken has no cause of action under the Contract Clause based on a challenge to the face of the Ordinance, because the Contract Clause only forbids the direct alteration of the terms of contracts. *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 244 (1978) (stating that the Contract Clause prohibits social and economic legislation that "effects substantial modifications of private contracts."); *United States Trust Co. v. New Jersey*, 431 U.S. 1, 22 (1977) ("[Legislation] adjusting the rights and responsibilities of contracting parties must be upon reasonable conditions and of a character appropriate to the public purpose justifying its adoption."). Because Ordinance 2003-24 does not substantially impair the lease agreement and has a significant and legitimate public purpose and because the adjustment of rights and responsibilities are based upon reasonable conditions that are appropriate in nature, the Court finds that there is no genuine issue of material fact as to Davken's facial challenge to Ordinance 2003-24 under the Contract Clause and enters summary judgment in favor of the City on this claim.

## Conclusion

Based on the foregoing, the Court rules as follows:

1. Plaintiff Davken, Inc.'s Motion to Reopen Discovery is **GRANTED** in part and **DENIED** in part. (Doc. No. 117). Discovery is permitted as to whether the City Commissioners were aware of a hoax and how pervasive the knowledge of an unwritten

      policy was.

2. Defendant City of Daytona Beach Shores' Motion for Summary Judgment is **GRANTED**. (Doc. No. 111). Plaintiff Davken, Inc. may not raise any further claims regarding a facial challenge to Ordinance 2003-24 under the Contract Clause to the Constitution.

3. Defendant City of Daytona Beach Shores' Motion for Leave to File a Legal Memorandum in Reply to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment is **DENIED** as moot. (Doc. No. 115).

**DONE AND ORDERED** in Chambers at Orlando, Florida this __5th__ day of May, 2006.

_Patricia C. Fawsett_
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of Record