**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVKEN, INC.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No. 6:04-cv-207-Orl-19DAB**

**CITY OF DAYTONA BEACH SHORES,**

        **Defendant.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF DAVKEN INC.'S OPPOSED MOTION FOR DEFAULT (Doc. No. 134)**
>
> **FILED:** June 25, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff seeks to take a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) for Defendant's failure to timely file an Answer to the Second Amended Complaint following the Court's denial of Defendant's Motion to Dismiss. Because Defendant had already appeared in the case and filed an Answer to the Complaint[1], entry of default by the Clerk under Rule 55(a) is inapplicable, and the issue is governed by a different provision of Rule 55, which places within the Court's discretion whether a default judgment is appropriate under the circumstances. *See* Charles

---

[1] Doc. No. 20, filed May 28, 2004.

Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2686 (1998) (discussing Rule 55(b)(2)). The general policy is that "whenever there is doubt whether a default should be entered, the court ought to allow the case to be tried on the merits." Wright & Miller § 2682.

Plaintiff appealed Chief Judge Fawsett's grant of summary judgment on all claims to the City on December 15, 2004. Doc. No. 94. The Eleventh Circuit reversed and remanded only Plaintiff's § 1983 claim for the City's violation of the Contract Clause of Article I, Section Ten of the U.S. Constitution. Doc. No. 109. Upon remand, Chief Judge Fawsett allowed Plaintiff to file a Second Amended Complaint (Doc. No. 121), which Plaintiff did on May 12, 2006. *See* Doc. No. 119. On May 22, 2006, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 122), which Chief Judge Fawsett denied on July 25, 2006 (Doc No. 124), making Defendant's Answer due within ten days. *See* FED. R. CIV. P. 12(a)(4)(A). The Case Management and Scheduling Order was entered on October 12, 2006, and discovery has proceeded accordingly. Doc. No. 128.

Given the unique procedural posture in this case – appeal of the summary judgment and reversal and remand of the Contracts Clause claim – and Defendant's extensive defense of the claims, including obtaining summary judgment and arguing the appeal to preserve its judgment, it is clear Defendant has defended against Plaintiff's claims, and default is inappropriate

Despite the fact discovery was progressing in the case, Plaintiff did not file its Motion for Default noting Defendant's failure to file an answer to the Second Amended Complaint until ten months after such answer was due, *i.e.*, not until June 25, 2007. Doc. No. 134. However, it is appropriate to **REPRIMAND** Defendant's counsel for a lack of compliance with the Federal Rules by failing to timely file an answer on two separate occasions.

> **MOTION:** **DEFENDANT'S MOTION FOR LEAVE TO FILE DEFENDANT'S ANSWER & AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT OUT OF TIME (Doc. No. 136)**
>
> **FILED:** **June 26, 2007**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. Defendant is directed to file the Answer electronically within 5 days as a separate docket entry.

**DONE** and **ORDERED** in Orlando, Florida on June 27, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record