UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVKEN, INC.,**

      **Plaintiff,**

-vs-                                                                      Case No.  6:04-cv-207-Orl-19DAB

**CITY OF DAYTONA BEACH SHORES,**

      **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Defendant City of Daytona Beach Shores' Motion for Summary Judgment and Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Doc. No. 152, filed Dec. 19, 2007);

2. Defendant's Notice of Filing Depositions (Doc. No. 153, filed Dec. 19, 2007);

3. Plaintiff Davken Inc.'s Motion for Partial Summary Judgment (Doc. No. 154, filed Dec. 19, 2007);

4. Plaintiff Davken Inc.'s Appendix Exhibits and Citations in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 155, filed Dec. 20, 2007);

5. Plaintiff Davken Inc.'s Supplemental Appendix of Exhibits and Citations in Support of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 156, filed Dec. 20, 2007);

6. Defendant's Notice of Filing (Doc. No. 167, filed Jan. 20, 2008);

7. Defendant's Memorandum in Response to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 168, filed Jan. 20, 2008); and

8. Plaintiff Davken, Inc.'s Response and Memorandum of Law in Opposition to Defendant's Third Motion for Summary Judgment (Doc. No. 169, filed Jan. 21, 2008).

## Background

This case involves a claim under 42 U.S.C. Section 1983 ("Section 1983") by Plaintiff Davken, Inc. against Defendant City of Daytona Beach Shores which alleges that Defendant's conduct violated Plaintiff's constitutional rights under the Contracts Clause, Article I, Section 10 of the United States Constitution, and right to procedural due process. (Doc. No. 121).

Plaintiff is a corporation which operated a fireworks store called Krazy Dave Fireworks within Defendant's city until August 31, 2003. (*E.g.*, Doc. No. 51-2, pp. 19, 100–01; Doc. No. 51-4, ¶ 5). Plaintiff's Second Amended Complaint asserts that the application of City Ordinance 2003-24, which governs the sale of fireworks, to Plaintiff violated Plaintiff's rights under the Contracts Clause, Article I, Section 10 of the United States Constitution, by substantially impairing the terms of its lease. (Doc. No. 121). Additionally, Plaintiff asserts that Defendant's *de facto* policy and *ad hoc* rule making with respect to City Ordinance 2003-24 violated Plaintiff's procedural due process rights. (*Id.*)

Defendant's Ordinance sets forth specific regulations and permit requirements for the sale of sparklers and fireworks. (Doc. No. 155-13, Ordinance 2003-24). The Ordinance provides:

> Except as provided in Section 791.02, 791.04, or 791.07, Florida Statutes, it shall be unlawful for any person, firm, partnership, corporation or other entity to offer for sale, expose for sale, sell at retail, use or explode any fireworks within the City of Daytona Beach Shores, without a permit from the Building/Fire Safety Division.

(*Id.* at § 11-4(f)(1)).  Additionally, the Ordinance requires purchasers to:

> furnish to the seller, at the time of sale, proof of identification and, if applicable, proof that the buyer is registered with the Division of the State Fire Marshal and otherwise in compliance with Chapter 791, Florida Statutes.

(*Id.* at § 11-4(f)(3)). Section 11-4(f)(7) of the Ordinance requires purchasers that were not registered with the Division of the Fire Safety Marshall, who pursuant to Florida Statutes Section 791.07

> purchases fireworks for frightening birds must provide to the seller a copy of the statement that has been filed with, and stamped as received by the Volusia County Sheriff's Office or the Daytona Beach Shores Police Department.

The Ordinance also provides for criminal penalties for its violation.  (*Id.* at § 11-4(i)).

On May 2, 2006, the Court granted Plaintiff leave to amend its Complaint.  (Doc. No. 119). On May 5, 2006, the Court issued an Order granting summary judgment for Defendant on Plaintiff's facial challenges to the Ordinance under the Contracts Clause reasoning in part the Ordinance did not substantially impair Plaintiff's lease because it merely regulated the sale of fireworks and did not prohibit their sale entirely.  ((Doc. No. 120, p. 11).  The Court also found that the Ordinance served a legitimate public purpose and that any adjustments to Plaintiff's rights and responsibilities were based on reasonable conditions and appropriate in nature.  (*Id.* at pp. 11-12).  However, the Order noted that the merits of Plaintiff's "as-applied" challenge under the Contracts Clause was not properly before the Court.   (*Id.* at p. 10). Discovery was reopened for Plaintiff's "as-applied" Contracts Clause claim, and Plaintiff was granted leave to conduct discovery on whether the City Commissioners were aware that Defendant's permitting process was a "hoax" that was part of an unwritten, *de facto* municipal policy designed to shut down Plaintiff's business as Plaintiff contended.  (*Id.* at p. 9)

On May 12, 2006, Plaintiff filed a Second Amended Complaint which asserted an "as-

applied" Contracts Clause claim and a violation of its procedural due process rights. (Doc. No. 121, ¶ 6). Plaintiff alleges in this pleading that Defendant, acting pursuant to an unwritten, *de facto* policy, "violated its own ordinance and state law governing the sale of fireworks . . . . " (*Id.*) Plaintiff contends that Defendant's actions substantially impaired Plaintiff's lease contract and destroyed its protected property interests by effectively shutting down its business. (*See id.*). Plaintiff alleges that the City, acting pursuant to an unwritten policy of prohibiting the sale of fireworks, never established the permitting process required by the Ordinance. (*Id.* at ¶ 21). The fact that Defendant never established the permitting process eliminated Plaintiff's sales and ultimately forced it to close its business. (*Id.* at ¶¶ 23-24). Plaintiff contends that the application of Defendant's unwritten policy violated the Contracts Clause because it impaired the provisions of its lease which required that the premises be used to sell fireworks. (*See id.* at ¶ 28(a); Doc. No. 124 (finding that the lease required Plaintiff to use the property to sell fireworks)). Plaintiff also contends that Defendant violated its procedural due process rights because Defendant deprived it of "the benefits of the City's procedures set forth in its codes that allowed Davken to sell fireworks under Fla. Stat. 791.07." (Doc. No. 121, ¶ 28(b)). Thus, Plaintiff's current claim is that the City's failure to institute the permitting procedures (1) was done pursuant to a *de facto* municipal policy to prohibit the sale of fireworks; (2) violated Plaintiff's rights under the Contact Clause and right to procedural due process; and (3) ultimately forced Plaintiff out of business. (*See* Doc. No. 121; *see also* Doc. No. 124, p. 3 (order construing Plaintiff's Complaint and denying Defendant's motion to dismiss)).

Plaintiff now moves for partial summary judgment on the issue of liability as to Defendant's alleged constitutional violations of the Contracts Clause and procedural due process. (Doc. No. 154). Defendant opposes Plaintiff's Motion. (Doc. No. 168). Defendant also moves for summary judgment with respect to the alleged constitutional violations of Plaintiff's Contracts Clause and procedural due process rights claims. (Doc. No. 152). Plaintiff opposes Defendant's Motion. (Doc. No. 169).

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is only appropriate when the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248. The moving party has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *See Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.*

**Analysis**

**I.     Plaintiff's Motion and Memorandum**

Local Rule 3.01(a) provides that:

In a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

Plaintiff received leave to exceed the page limitations of Local Rule 3.01(a) and filed a thirty-five page Motion for Partial Summary Judgment asserting that it is entitled to summary judgment as to liability with respect to Defendant's alleged violations of the Contracts Clause, Article I, Section 10 of the United States Constitution, and procedural due process.[1] (Doc. No. 154). The first eight pages of Plaintiff's filing are divided into two sections entitled "Procedural Posture" and "Scope of Motion for Partial Summary Judgment-Overview." (*Id.* at pp. 1-8). With the exception of the first paragraph of the Scope section, which sets forth the issues for consideration, pages one through eight of this filing argue Plaintiff's construction of the procedural history of the case and assert that Defendant and its counsel engaged in improper conduct. (*See id.*) The first two sections of Plaintiff's filing merely cite documents within the Court record and the contents of Plaintiff's motion and supporting exhibits. (*See id.*) Pages of nine through thirty-five of Plaintiff's filing, the sections entitled "The Motion," "Statement of Facts," and "Memorandum of Law," address the relief Plaintiff requests, assert a basis for why such relief is sought, and provide the legal authority in support of such relief. (*Id.* at pp. 9-35).

Further, although pages nine through thirty-five of Plaintiff's filing lay out an argument, they

---

[1] The Court granted Plaintiff's motion for leave to exceed the page limit of Local Rule 3.01(a). (Doc. Nos. 144, 145).

contain repeated references to statements made during the course of mediation in the instant case.

(*See id.*). Statements in mediation discussions are required to remain confidential. Local Rule 9.07(b) provides:

> **Restrictions on the Use of Information Derived During the Mediation Conference:** All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a settlement is reached.

Additionally, the Case Management and Scheduling Order in the instant case provides:

> **Restrictions on Offers to Compromise** – Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Fed. R. Evid. 408; Local Rule 9.07. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

(Doc. No. 128, p. 10, section IV.E.5). Finally, Federal Rule of Evidence 408(a) provides:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Accordingly, the Court will not consider any statements made during the mediation

proceeding or any of Plaintiff's arguments derived from such statements or proceedings.[2] Therefore, the remainder of Plaintiff's Motion will be analyzed to determine whether Plaintiff has met its burden of proving that it is entitled to summary judgment on the issue of liability in its Section 1983 claim for violations of the Contracts Clause and procedural due process.

## II. Plaintiff's Section 1983 Claim

The Court previously held the Ordinance and its underlying permitting requirements were facially constitutional under the Contracts Clause, Article I, Section 10, of the United States Constitution. (Doc. No. 120). At this juncture of the proceedings, the only issue remaining is whether the application of the permitting process outlined in the Ordinance, specifically the City's alleged *de facto* policy of attempting to ban fireworks by failing to establish the permitting process, violated Plaintiff's constitutional rights and forced it out of business. (*See* Doc. Nos. 121, 124).

Under Section 1983, a municipality cannot be held liable for the actions of its employees on a *respondeat superior* basis. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). In a Section 1983 claim against a municipality, a plaintiff must prove: "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Even assuming Plaintiff's rights were violated and that Defendant acted pursuant to a municipal policy, Defendant is entitled to judgment as a matter of law because Plaintiff has failed to produce any evidence which indicates that Defendant's failure to implement the permitting process caused the violation of Plaintiff's

---

[2] The Court notes that Defendant disputes Plaintiff's recitation of the course of the mediation proceedings. (*See* Doc. No. 168, p. 10).

rights.

Plaintiff's argument with respect to causation is that Defendant's "refusal to implement the permitting process prevented [it] from selling fireworks under the exemptions contained under Florida law and its Ordinance 2003-24 thereby destroying [its] protected property interests and unreasonably impairing the obligations under its lease." (Doc. No. 154, p. 27). Plaintiff closed its store on August 31, 2003. (Doc. No. 51-2, p. 100–01). Defendant has introduced undisputed evidence that no one ever attempted to procure the permitting forms during the time after the Ordinance was passed and before Plaintiff closed its store. (Doc. No. 167-2, ¶ 5 (affidavit of city official responsible for enforcing the Ordinance); *see also* Doc. No. 81-2, ¶ 4 (affidavit from employee of Plaintiff's counsel stating that on November 4, 2004 he was informed that he "was the first person to ever request such a fireworks purchase form . . . ."); Doc. No. 155-2, # 20 (Defendant's answers to interrogatories stating that no forms required by the Ordinance were given out as of December 4, 2004); Doc. No. 155-10, p. 29 (deposition of Plaintiff's store manager stating that no customers ever told her they tried to or were unable to obtain the forms)).

Plaintiff argues that it informed an average of fifty-four customers a day that they had to obtain a purchase form from the City and that these customers never returned. (Doc. No. 154, p. 15 (citing Doc. No. 156-2, ¶ 8, pp. 14-37)). However, certain statements in, and exhibits attached to, the affidavit Plaintiff cites are inadmissible. Although the affidavit was prepared by David Schimmel, the President of Plaintiff's company, the customer records he discusses have not be properly authenticated as business records. (*See* Doc. No. 156-2, ¶ 8, pp. 14-37). Under Federal Rule of Evidence 803(6), business records are only admissible if they are: (1) "made at or near the time by, or from information transmitted by, a person with knowledge"; (2) "kept in the course of

a regularly conducted business activity"; and (3) made as part of the regular practice of the business. Mr. Schimmel's affidavit fails to indicate that the customer records comply with Federal Rule of Evidence 803(6) because it is not clear who made the records, how they were kept, and whether making such records was part of the routine practices of the business. (*See* Doc. No. 156-2, ¶ 8, pp. 14-37).

Moreover, it is not clear that Mr. Schimmel is a proper individual to authenticate the records. *See* Fed. R. Evid. 803(6). Although Mr. Schimmel was the company President, the affidavit does not state that he was the custodian of records or participated in the daily business of the store. *See id.*; (Doc. No. 156-2, ¶ 8). Additionally, other evidence indicates that Mr. Schimmel did not have personal knowledge of the facts to which he testified in the affidavit. (Doc. No. 156-3, pp. 98-100 In his deposition, Mr. Schimmel testified that he was not present at the store during the time the records were prepared and that he never spoke to the store manager about whether any customer ever stated that he was unable to obtain the permitting forms from the City. (*Id.*)

Further, even if this evidence were admissible, it is insufficient to prove causation.[3] At this juncture, the only challenge left before this Court is whether the City's alleged failure to implement the permitting scheme discussed in the Ordinance violated Plaintiff's constitutional rights and forced it to close its business. The testimony cited only references the fact that Plaintiff's store had an

---

[3] The Court previously held that Ordinance was facially constitutional under the Contracts Clause and reasoned that the Ordinance merely regulated the sale of fireworks and did not prohibit their sale entirely. (Doc. No. 120, p. 11). Presently, the issue before the Court is whether Defendant's application of the Ordinance, specifically its alleged failure to implement the permitting process, harmed Plaintiff's business. (Doc. Nos. 121, 124). Accordingly, proof that the Ordinance's existence forced customers to purchase fireworks elsewhere is not equivalent to establishing that the City's failure to implement the provisions of the Ordinance forced Plaintiff's customers to shop at other stores.

average of 54 customers a day before the store closed. (Doc. No. 156-2, ¶ 8). It does not state the Plaintiff informed the customers of the permitting process or that the customers never returned. (*Id.*) Moreover, even if these customers did not return, there is no evidence establishing that the City's alleged sham permitting process caused Plaintiff's customers to purchase fireworks elsewhere.[4] (*Id.*) Without any evidence that any prospective customers ever attempted to obtain the permit, there is no basis for the Court to conclude that the City's alleged failure to implement the permitting scheme in the Ordinance had any detrimental effect on Plaintiff.[5]

Because there is no evidence in the record that any of Defendant's actions caused the deprivations of Plaintiff's constitutional rights by forcing it out of business, Plaintiff has failed to carry its burden of introducing evidence to support an essential element of its case which it bears

---

[4] There is also no evidence from which to infer that the City's alleged sham permitting process caused the harm to Plaintiff's business. Plaintiff's own evidence establishes that no one attempted to procure the permitting forms from the City and that individuals could procure fireworks at a store in a different town, less than three minutes away, without similar permitting requirements. (*E.g.* Doc. No. 81-2, ¶¶ 2-4).

[5] Plaintiff previously introduced three affidavits from two individuals stating that they were told by City employees that the forms did not exist. (Doc. Nos. 81-2, 114-3, 114-5). However, these affidavits are not evidence that Defendant's actions caused any harm to Plaintiff's business. First, all the affidavits were based on instances that occurred <u>after</u> Plaintiff closed its business. (Doc. No. 81-2, ¶ 4 (employee of Plaintiff's counsel tried to obtain forms on November 1, 2004); Doc. Nos. 114-3, ¶¶ 1-2 (investigator tried to obtain forms on April 4, 2005), 114-5, ¶¶ 2-3 (investigator tried to retain forms a second time after April 4, 2005)). Second, the individuals who provided the affidavits were not Plaintiff's customers but were individuals that Plaintiff's counsel specifically directed to investigate whether the permits were available. (Doc. No. 81-2, ¶¶ 1, 4 (paralegal from Plaintiff's counsel's law firm attempted to obtain permit in his capacity as an employee); Doc. No. 114-3, ¶¶ 1-2 (Plaintiff's counsel retained individual's services to investigate); Doc. No. 114-5, ¶¶ 2-3 (Plaintiff's counsel retained individual's services to investigate)). Therefore, none of these affidavits support a finding that Defendant's failure to implement the permitting scheme caused the violation of Plaintiff's rights.

the burden to prove at trial.[6]

It is not the responsibility of the Court to search the record to determine whether a motion for summary judgment should be granted or to find reasons why a properly supported motion should be denied. *E.g., L.S. Heath & Son, Inc. v. AT & T Info. Sys. Inc.*, 9 F.3d 561, 567 (7th Cir. 1993) ("[A] district court need not scour the record to determine whether there exists a genuine issue of fact to preclude summary judgment. Instead, the court can rely upon the non-moving party to show such a dispute if one exists."); *Impreglon, Inc. v. Newco Enters., Inc.*, 508 F. Supp. 2d 1222, 1241 n. 16 (N.D. Ga. 2007) ("[I]t is not the Court's duty to comb the record in an attempt to find reasons to grant Plaintiff's Motion for Summary Judgment."); *see also Tomasini v. Mount Sinai Med. Ctr. of Fla., Inc.* 315 F. Supp.2d 1252, 1260 n. 11 (S.D. Fla. 2004); *BFI Waste Sys. of. N. Am. v. DeKalb County, Ga.*, 303 F. Supp. 2d 1335, 1342 n. 5 (N.D. Ga. 2004). Plaintiff's failure to produce evidence in support of a required element of its case is fatal to Plaintiff's claim. Therefore, Defendant is entitled to summary judgment. *Celotex Corp.*, 477 U.S. at 322 (summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial."). Accordingly, there is no need to address either party's arguments with respect to Plaintiff's alleged constitutional violations or Defendant's municipal policy.

**Conclusion**

---

[6] Rather than pointing to specific evidence to establish causation, Plaintiff attempts to shift the burden of proof by arguing "Nor can the City offer any contradictory evidence to the indisputable fact that Davken was unable to operate its business due to these relevant practices of the City." (Doc. No. 154, p. 33). It is the burden of Plaintiff to prove all elements of its Section 1983 claim, including causation, not the burden of Defendant to refute Plaintiff's arguments. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (In a Section 1983 claim the plaintiff must prove the municipality's policy or custom caused the violation of his rights).

Based on the foregoing, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 152) and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. No. 154). The Clerk of Court is directed to enter **JUDGMENT FOR DEFENDANT** and close the file.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 15, 2008.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record